UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL DAVID WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV2088 HEA |
| | ) | |
| DALE GLASS, | ) | |
| | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

Daniel Williams petitions the Court for a pretrial writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is denied.

Petitioner is currently detained at the St. Louis City Justice Center ("Justice Center") on a charge of being a fugitive from another state. *Missouri v. Williams*, No. 1622-CR04568 (St. Louis City). Specifically, the State of Michigan charged petitioner with sexual assault and requested extradition from Missouri. Here, the warrant for petitioner's arrest was issued on October 27, 2016. *Id.* Defense counsel entered her appearance on December 8, 2016, and she filed a motion for discovery the same day. *Id.*

Petitioner says this is the second time he has been detained in Missouri on the Michigan charges. He says he has proof that he was detained in the Justice Center on January 5, 2016, which is the day he allegedly committed sexual assault in Michigan. He claims that Missouri previously refused to extradite him.

Petitioner argues that his right to due process is being violated because this is his second arrest. He also argues that the judge overseeing the current case has refused to

hear his evidence regarding his presence in Missouri on January 5, 2016. Petitioner seeks release from detention and monetary damages.

First, the Court notes that monetary damages are not available in habeas cases.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D.Wis. 1999). Courts have found that special circumstances existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy). However, a finding that special circumstances exist is exceedingly rare.

The grounds raised by petitioner do not constitute the type of special circumstances required for a finding that he has exhausted his available state remedies. Petitioner is represented by counsel, and he will be able to present his evidence as the case progresses. As a result, he is not entitled to habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **MOOT**. He has paid the filing fee.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 3rd day of January, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE